■ FRED MELITO, JR., Respondent, v ROBERT L. ROMANO, Defendant and Third-Party Plaintiff-Respondent. AETNA CASUALTY AND SURETY COMPANY, Third-Party Defendant-Appellant. —Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered August 16, 1989 in Ulster County, which, *inter alia,* denied third-party defendant's motion for summary judgment dismissing the third-party complaint, partially granted third-party plaintiff's cross motion for summary judgment and directed third-party defendant to defend third-party plaintiff in the main action.

The instant action arises out of an altercation between plaintiff and defendant/third-party plaintiff (hereinafter defendant) on August 1, 1986 on United States Route 9 in the Town of Phillipstown, Putnam County. Defendant was driving his automobile when he approached a construction site near the highway. Plaintiff was a flag man at the site and apparently signaled defendant to stop. An argument between plaintiff and defendant ensued, which erupted into violence, with plaintiff allegedly receiving injuries to his head and left ear. Plaintiff brought criminal assault charges, which were disposed of by defendant's guilty plea to disorderly conduct. Plaintiff then brought the instant civil damage suit, alleging in the complaint that defendant "willfully, negligently and intentionally assaulted" him.

After being served with process, defendant promptly notified agents of third-party defendant, Aetna Casualty and Surety Company (hereinafter Aetna), invoking coverage under his homeowner's insurance policy. Approximately six weeks later, Aetna disclaimed any duty to defend or indemnify pursuant to the policy's exclusion of coverage as to liability for bodily injury "which is expected or intended by the insured". Aetna contended that the exclusionary language eliminated coverage under the policy for the intentional tort of assault.

Following Aetna's disclaimer, defendant brought his third-party action to establish Aetna's duty to defend and indemnify him in the primary action by plaintiff. After answering the third-party complaint, asserting the defense of noncoverage, Aetna demanded from plaintiff a bill of particulars seeking explication of the allegations of negligence in plaintiff's complaint. The response merely repeated the same allegations.

Upon being pressed by Aetna's attorneys, plaintiff's attorney amended the bill of particulars to delete any reference to negligence upon the part of defendant.

Depositions of the parties were then taken, following which Aetna moved for summary judgment dismissing the third-party complaint on the ground that the pleadings and evidence elicited in discovery established, as a matter of law, that it had no duty to defend, let alone to indemnify, under the policy exclusion. Plaintiff opposed and cross-moved for permission to amend his bill of particulars to reinstate the allegations of negligence. Supreme Court granted plaintiff leave to amend but denied Aetna's motion for summary judgment, ruling that the proof and the pleadings, "however inartfully drawn", raised issues of fact regarding the presence or absence of negligence on defendant's part. This appeal by Aetna followed.

We affirm. Permission to further amend plaintiff's bill of particulars to reassert a negligence theory of recovery against defendant was well within Supreme Court's discretion, there being no arguable claim on Aetna's part of prejudice or surprise (see, CPLR 3025 [b]; *Plattsburg Distrib. Co. v Hudson Val. Wine Co.,* 108 AD2d 1043, 1044; *see also, Koch v St. Francis Hosp.,* 112 AD2d 142, 143). Thus, the pleadings as contained in plaintiff's complaint and final bill of particulars can clearly be read as alleging that plaintiff's injuries were negligently as well as intentionally inflicted by defendant. This remains true notwithstanding that the complaint describes defendant's conduct as a negligent assault, which is only cognizable as an intentional tort (*Mazzafero v Albany Motel Enters.,* 127 AD2d 374, 376). Aetna's duty to defend defendant arises if the allegations of plaintiff's complaint against defendant, its insured, fall within the risks insured under the policy "regardless of how false or groundless those allegations might be" (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310). Therefore, although the complaint is framed (in part) in terms of negligent assault, Aetna has not met its burden, in order to be relieved from defending defendant, to show that " 'the allegations, *in toto,* are subject to no other interpretation' " than that the complaint falls totally within the policy exclusion (*supra,* at 312, quoting *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325).

Aetna cites to case authority that, nevertheless, it may be entitled to summary judgment upholding its disclaimer upon submission of uncontradicted evidence that the harm caused was entirely within the policy exclusion (*see, Pawelek v Secu-*

*rity Mut. Ins. Co.,* 143 AD2d 514, *lv denied* 74 NY2d 603; *New York Cas. Ins. Co. v Ward,* 139 AD2d 922, 923). Be that as it may, the proof submitted on Aetna's motion leaves that as an open question of fact. The language of the policy exclusion relied upon by Aetna does not expressly refer to assaults or intentional torts, but to liability for "bodily injury * * * which is expected or intended by the insured". Defendant's deposition testimony can readily be understood as claiming that any injury he inflicted against plaintiff was not intended or expected but resulted solely from his defensive movements in preventing plaintiff from assaulting him. Resolving, as we should, any ambiguity in the policy language against the insurer, Aetna has not shown that the policy excludes coverage for the "unintentional injury resulting from a deliberate act of the insured" *(Baldinger v Consolidated Mut. Ins. Co.,* 15 AD2d 526, *affd* 11 NY2d 1026; *see, State Farm Fire & Cas. Co. v Shapiro,* 118 AD2d 556, 557-558, *lv dismissed* 72 NY2d 1042). Since, on defendant's version of the facts, a jury could find that defendant did not expect or intend that plaintiff would be injured by his conduct, an issue of fact on Aetna's coverage exists, thus precluding summary judgment.

Order affirmed, with costs to defendant. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.