■ MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Respondent, v PAUL T. CARPENTER et al., Appellants, et al., Defendants. [638 NYS2d 234] —White, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 12, 1994 in Washington County, which, *inter alia*, granted plaintiff's motion for summary judgment and declared that plaintiff was not obligated to defend or indemnify defendant Paul T. Carpenter in an underlying action brought by defendant Theodore T. Brown.

On June 27, 1992, defendant Paul T. Carpenter and his wife, who had been experiencing marital difficulties, spent the afternoon at a graduation party where Carpenter consumed a quantity of alcoholic beverages. Later in the day, although Carpenter indicated that he wished to go home, he agreed to accompany his wife to a local tavern. At the tavern while Carpenter sat with friends and had several drinks, his wife was at the bar talking to defendant Theodore T. Brown. At one point Carpenter asked his wife to sit with him but she refused, and shortly thereafter his wife's alleged paramour entered the tavern and when Carpenter approached him, a loud argument ensued. At this point as Carpenter attempted to get his wife to move away with him, Brown came over and indicated to Carpenter that he should leave his wife alone. Carpenter's response was to swing at Brown, striking him in the face with a glass. Thereafter, based on the supporting deposition of Brown, Carpenter was charged with assault in the second degree and reckless endangerment in the second degree, and he later pleaded guilty to the reckless endangerment charge.

Subsequently, Brown commenced an action for personal injuries against Carpenter alleging in the first cause of action that Carpenter negligently and recklessly threw a glass which struck Brown in the face, and in the second cause of action

that the act was willful and malicious. Plaintiff then commenced this action seeking a declaration that it had no duty to defend and indemnify Carpenter under the homeowner's policy it had issued to him. After joinder of issue and discovery, plaintiff moved for summary judgment seeking a declaration in its favor which was granted by Supreme Court.

An insurer's duty to defend is broad, exceeding its duty to indemnify (*see, Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310), and the existence of such duty is triggered when the allegations of the complaint fall within the scope of the risks undertaken by the insurer. Thus, the issue of whether the insurer has a duty to defend can be determined by comparing the allegations made in the complaint to the terms of the insurance policy (*see, Meyers & Sons Corp. v Zurich American Ins. Group*, 74 NY2d 298, 302; *Zurich-Am. Ins. Cos. v Atlantic Mut. Ins. Cos.*, 139 AD2d 379, 384, *affd* 74 NY2d 621). Therefore, we must look to the pleadings and unless plaintiff can demonstrate that Brown's allegations fall solely or entirely outside the policy coverage and are subject to no other interpretation, or if plaintiff establishes as a matter of law that there is no factual or legal basis upon which it might eventually be obligated to indemnify the insured, plaintiff is required to defend Carpenter (*see, First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046; *International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 326).

In this case, the homeowner's insurance policy issued by plaintiff to Carpenter provides that it will defend any suit brought against Carpenter for damages caused by an occurrence, with occurrence being defined as an accident. Although there is evidence in the record that this incident was an intentional tort and thus would be excluded from coverage, the pleadings can be read as alleging that Brown's injuries were negligently inflicted by Carpenter, therefore, regardless of how false or groundless the allegations might be (*see, Melito v Romano*, 160 AD2d 1081), we cannot say as a matter of law that plaintiff does not owe Carpenter a defense in this action, since the pleadings alleging negligence and the later statements of Carpenter, his wife and Brown, indicating a lack of intent on Carpenter's part to strike Brown, are sufficient to bring this case within the parameters of the policy and therefore create a duty to defend.

Cardona, P. J., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, summary judgment awarded to defendants and it

is declared that plaintiff has a duty to defend defendant Paul T. Carpenter in the underlying action brought by defendant Theodore T. Brown.