■ Steven Jubin, Appellant, v St. Paul Fire and Marine Insurance Company, Respondent, et al., Defendants. [653 NYS2d 454] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered November 2, 1995 in Albany County, which, inter alia, granted defendant St. Paul Fire and Marine Insurance Company's cross motion for summary judgment and declared that it was not obligated to defend plaintiff on the underlying action.

Plaintiff commenced this action to obtain a judgment declaring that defendant St. Paul Fire and Marine Insurance Company (hereinafter St. Paul) is obligated to defend plaintiff in an underlying action for damages brought by defendant Kelly Williams and her husband against plaintiff and his employer. The underlying action arose out of a verbal confrontation in a hotel gift shop where Williams was the attendant. Plaintiff was a guest in the hotel. When the confrontation ended and Williams began to walk away, plaintiff allegedly grabbed Williams on her side and told her to "lighten up". The police incident report indicates that Williams was not injured and was not touched in any spot that is of a sexual or intimate nature. Nevertheless, Williams and her husband commenced an action against plaintiff and his employer, alleging several causes of action and seeking more than $1 million in damages.

After receiving notice of the underlying action, St. Paul, the liability insurer for plaintiff's employer, disclaimed on the basis of an exclusion in the policy for intentional bodily injury. Plaintiff thereafter commenced this action for declaratory relief and moved for summary judgment declaring that St. Paul is obligated to defend him in the underlying action. St. Paul cross-moved for summary judgment declaring that it has no such obligation. Supreme Court denied plaintiff's motion and granted St. Paul's cross motion, resulting in this appeal by plaintiff.

Relying upon the concededly intentional nature of plaintiff's act in touching Williams, St. Paul successfully argued at Supreme Court that there was no accident and, therefore, no covered event within the meaning of the policy. The question of coverage ordinarily would have to be resolved before an exclusion can be considered, but the exclusion for intentional harm is, in our view, nothing more than a restatement of the requirement that the harm be the result of an accident for there to be coverage. Thus, the critical issue is not whether the offensive contact was accidental or intentional, but whether the harm that resulted to the victim from the offensive contact was "expected or intended by the protected person" within the meaning of the policy's express exclusion (*Pistolesi v Nationwide Mut. Fire Ins. Co.*, 223 AD2d 94, 95, *lv denied* 88 NY2d 816; *see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159). To resolve the issue, we must look to the allegations of the complaint in the underlying action (*see, id.*), but extrinsic facts may also be considered if known by the insurer (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648).

When the offensive contact alleged in the complaint is such that physical and/or emotional harm to the victim is inherent in the nature of the acts alleged, the courts have had little difficulty in finding that the resulting harm was expected or intended by the insured (*see, e.g., Allstate Ins. Co. v Mugavero, supra* [sexual abuse of children]; *Utica Fire Ins. Co. v Shelton*, 226 AD2d 705 [punch in the eye]; *Travelers Ins. Cos. v Stanton*, 223 AD2d 104 [nonconsensual sexual intercourse]; *Monter v CNA Ins. Cos.*, 202 AD2d 405 [malicious attack with great force and violence]). Here, however, while the complaint alleges that Williams sustained serious and permanent physical injury and extreme emotional distress, the allegations of plaintiff's offensive contact with Williams consist of relatively minor acts. In particular, the complaint alleges only that plaintiff "did so accost, grab, grasp, grope, push, detain and assault * * * Williams thereby causing harmful and offensive contact". Where, as here, the complaint in the underlying action can be construed as alleging intentional offensive contact that results in unintended serious harm which is not inherent in the nature of the physical contact, coverage will be sustained (*see, Baldinger v Consolidated Mut. Ins. Co.*, 15 AD2d 526, *affd* 11 NY2d 1026). Moreover, the complaint in the underlying action also alleges that the emotional harm to Williams was negligently inflicted and the police incident report suggests that plaintiff did not mean any harm and was "just kidding around", which is sufficient to create a duty to defend under the policy (*see, Merrimack Mut. Fire Ins. Co. v Carpenter*, 224 AD2d 894, *lv dismissed* 88 NY2d 1016).

St. Paul also contends that plaintiff is not a protected person within the meaning of the policy because plaintiff was not doing work within the scope of his employment for the insured when the incident alleged in the complaint occurred. The complaint in the underlying action, however, alleges that plaintiff was an employee of the insured at the time and that he was acting within the scope of the employment and in furtherance of the insured's business. Considering the nature of the alleged offensive conduct as previously discussed, we cannot agree with St. Paul that as a matter of law plaintiff must have been acting outside the scope of his employment when the incident alleged in the complaint occurred.

"A declaration that an insurer is without obligation to defend a pending action could be made 'only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy' " (*Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 424, quoting *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876; *see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648, *supra*). As the record establishes at least a possible factual basis on which St. Paul might eventually be held to be obligated to indemnify plaintiff under the provisions of the insurance policy, plaintiff is entitled to a declaration that St. Paul is obligated to defend in the underlying action (*see, Merrimack Mut. Fire Ins. Co. v Carpenter, supra*).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, cross motion denied and it is declared that defendant St. Paul Fire and Marine Insurance Company has a duty to defend plaintiff in the underlying action brought by defendants Kelly Williams and Michael Williams.