■ James Robbins, Respondent, v Michigan Millers Mutual Insurance Company, Appellant. [653 NYS2d 975] —Casey, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered February 28, 1996 in Fulton County, which, *inter alia*, granted plaintiff's motion for summary judgment.

Plaintiff, who was injured in an altercation with defendant's insured, commenced the underlying action for damages against the insured. When defendant first received notice of the underlying action against its insured, it disclaimed coverage

on the basis of an exclusion for bodily injury intentionally caused by an insured. The insured defaulted in the underlying action and, after an inquest to assess damages, a judgment was entered in plaintiff's favor.

Plaintiff thereafter commenced this action, pursuant to Insurance Law § 3420, to recover on the judgment in the underlying action. Claiming that his underlying action against defendant's insured sounded in negligence and not intentional tort, plaintiff moved for summary judgment in this action against defendant. Based upon evidence indicating that its insured committed an intentional tort, defendant cross-moved for summary judgment in its favor. Supreme Court granted plaintiff's motion and denied defendant's cross motion, resulting in this appeal by defendant.

As a result of the altercation that caused plaintiff's injuries, defendant's insured was charged with assault in the third degree under Penal Law § 120.00 (1) for intentionally injuring plaintiff by biting off plaintiff's nose. The insured entered an *Alford* plea (*see, North Carolina v Alford*, 400 US 25) of guilty of assault in the third degree under Penal Law § 120.00 (2), which refers to reckless conduct. The record contains a statement by the insured in which he claims that during the altercation, plaintiff pinned him to the ground with his arms caught beneath him and that he lunged at plaintiff with a biting motion in response to plaintiff's threatening acts.

Plaintiff's complaint in the underlying action contains conclusory allegations that defendant's insured "negligently and carelessly brought [his body] into contact with the body of the plaintiff * * * causing the plaintiff severe bodily injury thereby". An insurer's duty to defend is generally determined by examining the allegations of the complaint (*see, Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 159), but extrinsic facts may also be considered if known by the insurer (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648). We conclude that the allegations of the complaint, together with the statement of the insured concerning the altercation and his claim that he did not intend to hurt plaintiff, are sufficient to establish as a matter of law that defendant has a duty to defend the insured in the underlying action, despite evidence that the incident was an intentional tort (*see, Merrimack Mut. Fire Ins. Co. v Carpenter*, 224 AD2d 894, *lv dismissed* 88 NY2d 1016).

While the duty to defend is generally measured against the allegations of the pleadings in the underlying action, the duty to indemnify is distinctly different, for it is determined by the actual basis of the insured's liability to plaintiff (*see, Servidone*

*Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 424). As defendant's breach of its duty to defend cannot create coverage, defendant is not precluded from demonstrating that the actual basis of the insured's liability to plaintiff is such that the loss falls entirely within the policy exclusion (*see, id.,* at 423-425). We also note that there is nothing in the record to suggest that defendant's refusal to defend in the underlying action compelled the insured to default.

Having disclaimed its duty to defend its insured in the underlying action, defendant may not now go behind the underlying default judgment to raise defenses extending to the merits of plaintiff's claim against the insured (*see, Matychak v Security Mut. Ins. Co.*, 181 AD2d 957, 958-959, *lv denied* 80 NY2d 758). We conclude, however, that the issue raised by defendant in this case does not involve a defense extending to the merits of plaintiff's claim in the underlying action. Defendant's assertion that plaintiff's injuries were intentionally caused by the insured is clearly not a defense to plaintiff's claim in the underlying action for damages for personal injuries caused by the insured. Nor was the issue of whether plaintiff's injuries were intentionally caused or resulted from negligence actually litigated in the underlying action and, therefore, the default judgment has no collateral estoppel effect on that issue (*see, Pigliavento v Tyler Equip. Corp.*, 233 AD2d 810).

Plaintiff points to Supreme Court's conclusion at the end of the inquest that the insured was negligent, but the finding was clearly not necessary to the assessment of damages pursuant to CPLR 3215. Nor was the finding the product of an in-depth factual analysis based on evidence adduced at trial (*compare, O'Connor v G & R Packing Co.*, 53 NY2d 278, *with Malloy v Trombley*, 50 NY2d 46). We are of the view that defendant should have the opportunity to meet its burden of establishing that it has no duty to indemnify because the actual basis for the insured's liability to plaintiff involves harm that "may reasonably be expected from the intentional or criminal acts of the insured or which is intended by the insured" (*see, Allstate Ins. Co. v Zuk*, 78 NY2d 41; *Servidone Constr. Corp. v Security Ins. Co., supra,* at 425).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; said motion denied; and, as so modified, affirmed.