■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v JAMES VAN DYKE et al., Respondents. [668 NYS2d 821] —Judgment unanimously affirmed without costs. Memorandum: On March 31, 1995, a van operated by defendant James Van Dyke struck and injured defendants Lisa L. Shelton and Jeffrey R. Bell as they were walking down Butternut Street in the City of Syracuse. As a result of the incident, Van Dyke was charged with assault in the second degree (Penal Law § 120.05 [2]), and he ultimately pleaded guilty to vehicular assault in the second degree (Penal Law § 120.03 [1]). Shelton and Bell commenced a personal injury action against Van Dyke and defendant Timothy R. Patchen, the alleged owner of the van. Shelton and Bell allege in the first cause of action that their injuries resulted from Van Dyke's negligent, reckless and careless conduct. They allege in the second cause of action that Van Dyke intentionally injured them. Plaintiff, the insurer of the van under an automobile liability policy issued to Patchen, commenced the instant action seeking a declaration that it had no duty to defend or indemnify Van Dyke and Patchen in the underlying personal injury action on the ground that the injuries to Shelton and Bell were not caused by a covered "accident". Plaintiff moved and defendants cross-moved for summary judgment, seeking judgment declaring plaintiff's obligations under the policy. Supreme Court granted judgment declaring that plaintiff must provide a defense to Van Dyke and Patchen, but that the determination whether plaintiff has an obligation to indemnify those defendants must await the outcome of the underlying action.

We affirm. The obligation of plaintiff to defend is broader than its obligation to pay (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Sturges Mfg. Co. v Utica Mut. Ins. Co.,* 37 NY2d 69, 72), and the duty to defend is triggered when "the complaint alleges any facts or grounds which bring the action within the protection purchased" (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra*). The court properly determined that the first cause of action, alleging negligent, reckless and careless conduct, falls within the policy's coverage of accidental injury (*see, Aetna Cas. & Sur. Co. v Gigante,* 229 AD2d 975; *Merrimack Mut. Fire Ins. Co. v*

*Carpenter*, 224 AD2d 894, 895, *lv dismissed* 88 NY2d 1016). Further, evidence that Van Dyke intentionally injured Bell and Shelton is insufficient to relieve plaintiff of its duty to defend, in view of the contrary evidence that Van Dyke was intoxicated and did not intend to strike them (*see, Merrimack Mut. Fire Ins. Co. v Carpenter, supra*, at 895).

Based upon the factual dispute regarding Van Dyke's intent, Van Dyke and Patchen are entitled to retain independent counsel whose reasonable fee is to be paid by plaintiff (*see, Public Serv. Mut. Ins. Co. v Goldfarb*, 53 NY2d 392, 401; *Pistolesi v North Country Ins. Co.* [appeal No. 2], 210 AD2d 961; *69th St. & 2nd Ave. Garage Assocs. v Ticor Tit. Guar. Co.*, 207 AD2d 225, 227, *lv denied* 87 NY2d 802), and the issue of coverage and plaintiff's duty to indemnify should await the outcome of the underlying action (*see, County of Orange v Hartford Acc. & Indem. Corp.*, 226 AD2d 578, 579; *Pistolesi v North Country Ins. Co., supra*). Plaintiff is not without a forum to contest the coverage issue. Because it is not a party to the underlying action, it may defend its disclaimer of coverage in any action for indemnity commenced by its insured or any direct action brought by the plaintiffs in the underlying tort action (*see, First State Ins. Co. v J & S United Amusement Corp.*, 67 NY2d 1044, 1046).

We have examined plaintiff's remaining contention and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.