■ In the Matter of the Claim of WAYNE ASHLEY, Appellant, v ROBERT DURANT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [676 NYS2d 326] —White, J. Appeal from a decision of the Workers' Compensation Board, filed October 24, 1997, which ruled that the claim did not meet the threshold requirements of Workers' Compensation Law § 3 (1).

Claimant worked on Robert Durant's farm and this claim arose out of injuries he sustained in August 1989 while assisting Durant in preparing and cleaning his corn chopper. The Workers' Compensation Board concluded that claimant was not a covered employee and claimant appeals.

Workers' Compensation Law § 3 (1) (Group 14-b) provides as follows: "Employment as a farm laborer as provided herein. A farmer shall provide coverage under this chapter for all farm laborers employed during any part of the twelve consecutive months beginning April first of any calendar year preceded by

a calendar year in which the cash remuneration paid to all farm laborers aggregated twelve hundred dollars or more."

Claimant contends that the Board erred when it concluded that Durant had paid farm laborers less than $1,200 and determined that the relevant time period to be used in computing the amount of farm labor paid was the calendar year from January 1, 1988 to December 31, 1988 rather than from April 1, 1988 to March 31, 1989, as claimant asserts. We have considered both arguments and find them to be lacking in merit.

Durant's 1988 income tax return indicates that for the year 1988, he paid $1,132.24 for farm laborers, $1,027.20 of which was paid to claimant, with the remainder being the salary of two part-time summer helpers who had worked approximately 11 hours. Claimant also paid $1,890 for custom-hire machine work, where individuals were hired to provide and operate a backhoe or bulldozer on the farm. Since these workers were considered independent contractors rather than farm employees, the Board declined to include their remuneration in calculating the amount paid to farm laborers. Although Durant's brother would occasionally help out on the farm, he never received any compensation for his work and the Board declined to include services of family laborers in determining the amount paid for farm laborers. Therefore, the Board found that Durant had not paid farm laborers more than the $1,200 minimum as set forth in the statute. Affording the Board's determination the deference to which it is entitled, we cannot say that this was an abuse of discretion.

Turning to claimant's argument that the Board incorrectly used the period of January 1, 1988 to December 31, 1988 to determine the amount paid for hired labor, claimant misinterprets the statutory language. Beginning on the first of April of any particular year, a farm employer must provide workers' compensation benefits when the employer has paid more than $1,200 in salary for farm labor during the preceding calendar year. Calendar year is defined as the period from January 1 to December 31 inclusive (Black's Law Dictionary 204 [6th ed 1990]) and there is no indication that the statutory language intended any period other than January 1 to December 31 (*see*, McKinney's Cons Laws of NY, Book 1, Statutes § 94). On the record there was substantial evidence to support the Board's determination and thus the decision of the Board must be affirmed (*see, Matter of Brandon [Hartnett]*, 161 AD2d 992, 993).

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.