■ Dennis Pahl et al., Plaintiffs, v George V. Grenier, III, et al., Defendants, and Hertz Corporation, Individually and as Subrogee of Nancy Mallery, Defendant and Third-Party Plaintiff-Respondent. Nationwide Mutual Insurance Company, Third-Party Defendant-Appellant. [715 NYS2d 124] —Mercure, J. P. Appeal from an order of the Supreme Court (Kramer, J.), entered October 28, 1999 in Schenectady County, which, *inter alia*, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff Amber Pahl sustained the injuries forming the basis for this action in a November 23, 1995 automobile accident. Pahl was a passenger in a 1995 Pontiac sedan that had been rented the previous day from defendant Hertz Corporation by defendant Nancy Mallery. The vehicle was being driven at the time of the accident by defendant George V. Grenier, III at the request of Mallery's son, defendant Todd Baldwin, who was also a passenger. The complaint in the main action alleges,

among other things, that Mallery was authorized to allow others to operate the rental vehicle, that she authorized Baldwin to use, control and supervise the use of the vehicle, and that at the time of the accident, Grenier was operating the vehicle with the implied and/or express permission of Hertz, Mallery and Baldwin.

Third-party defendant, Nationwide Mutual Insurance Company, insured two vehicles owned by Mallery, a 1990 Geo Storm and a 1989 Toyota pickup truck. The Nationwide policy provided liability coverage for Mallery and, as relevant here, "any person or organization who is liable for the use of [her] auto," which "must be used with [her] permission." The policy also covered other motor vehicles as follows:

"1. a motor vehicle you do not own, while it is used in place of your auto for a short time. Your auto must be out of use because of: a) breakdown; b) repair; c) servicing; [or] d) loss. * * *

"3. to a motor vehicle owned by a non-member of your household. This applies only when the vehicle is being used by you or a relative."

Hertz made demands, both before and after commencement of the main action, that Nationwide defend and indemnify Mallery. Nationwide denied coverage upon the grounds that the vehicle rented from Hertz did not fall within the policy's coverage for other motor vehicles, its liability coverage for other motor vehicles was in any event secondary to other collectible motor vehicle insurance and (asserted somewhat later) the vehicle was not being used with Mallery's permission at the time of the accident. Hertz therefore provided Mallery with a defense in the main action and then brought a third-party action against Nationwide seeking reimbursement of Mallery's defense costs and indemnification for any judgment rendered against it. Following Hertz's settlement of the main action for $4 million, Nationwide moved for summary judgment seeking dismissal of the third-party complaint and a declaration that the policy it issued to Mallery did not cover the subject accident. Hertz cross-moved for summary judgment. Supreme Court granted the cross motion to the extent of determining that Nationwide was required to provide Mallery with a defense in the main action and to indemnify Hertz to the extent of its policy coverage. Nationwide appeals.

Initially, we agree with Supreme Court's determination that Nationwide was required to provide Mallery with a defense in the main action. The duty to defend is a very broad one (*see, Sea Crest Constr. Corp. v Centennial Ins. Co.*, 175 AD2d 453,

454), arising whenever the allegations contained in the pleadings, together with such other underlying facts as have been " 'made known to the insurer create a "reasonable possibility that the insured may be held liable for some act or omission covered by the policy" ' " (*City of New York v Consolidated Edison Co.*, 238 AD2d 119, 120, quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 70, quoting *Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302; *see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175; *Gibbs v CNA Ins. Cos.*, 263 AD2d 836, 837, *lv denied* 94 NY2d 755; *Cepeda v Varveris*, 234 AD2d 497, 498).

As already noted, the complaint in the main action alleges that at the time of the accident, Grenier was operating the vehicle with the implied and/or express permission of Hertz, Mallery and Baldwin. Although the complaint contains no allegations bearing on the question of whether the rental car qualified as an "other motor vehicle" under the terms of the Nationwide policy—not at all surprising since that issue has no relevance to any of the causes of action pleaded in the complaint—Hertz supplied Nationwide with Mallery's written report wherein she stated that she had a truck (the 1989 Toyota pickup) that was being repaired and that the rental car "was intended to be a substitute for the truck while it was being repaired." Thus, at the time of its disclaimer, Nationwide was possessed of information which, if ultimately established to be true, would bring the occurrence within its coverage, thereby requiring that it provide Mallery with a defense. Notably, the fact that Nationwide was possessed of other evidence supportive of its position that the occurrence fell outside its coverage is irrelevant with regard to its duty to defend (*see, e.g., Gibbs v CNA Ins. Cos., supra*, at 837; *Cepeda v Varveris, supra*, at 498). Quite the contrary, courts should "refuse[ ] to permit insurers to look beyond the complaint's allegations to avoid their obligation to defend" (*Fitzpatrick v American Honda Motor Co., supra*, at 66).

We are of a different view, however, with regard to the issue of whether Nationwide has a duty to indemnify Hertz. We disagree with Supreme Court's conclusion that preclusive effect should be given to its prior determination in the main action that Grenier had permission to operate the vehicle within the purview of the rental agreement between Mallery and Hertz. As correctly contended by Nationwide, it had no full and fair opportunity to contest the prior determination and the requisite identity of issue is lacking (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664).

In our view, the evidence presented on the summary judgment motions leaves unresolved factual issues as to whether the rental car qualifies as an "other motor vehicle" under the provisions of the Nationwide policy or whether Grenier was driving with Mallery's express or implied permission at the time of the accident. Notably, the undisputed evidence shows that Mallery picked up the rental car on November 22, 1995, the day before Thanksgiving, because the Toyota was to be undergoing repair work—installation of a new clutch—on November 24, 1995 and she planned to let her daughter use her Geo at the same time, thereby raising a question as to which of Mallery's vehicles the rental car was intended to temporarily replace. Further, although the Toyota had a bad clutch, it appears not to have been totally inoperable, as evidenced by the fact that Mallery used it to drive to the airport to pick up the rental car on the day prior to the accident.

The parties' additional contentions have been considered and found to be unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as granted third-party plaintiff's cross motion for summary judgment on its claim for indemnification; cross motion denied; and, as so modified, affirmed.