■ PROGRESSIVE INSURANCE COMPANY, Appellant, v ZURICH INSURANCE et al., Respondents, and MICHAEL GRECO et al., Respondents-Appellants, et al., Defendants. [732 NYS2d 495] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, Progressive Insurance Company (Progressive), commenced this action seeking, *inter alia,* a declaration that defendant Zurich Insurance (Zurich) and not Progressive must defend and indemnify Christopher Loder, Sr. (Loder) in the underlying wrongful death action. Loder's granddaughter had just left Loder's vehicle when she was struck by a vehicle driven by defendant Michael Greco and owned by defendant Airborne Freight Corp. (Airborne). Both Greco and Airborne were named as defendants in the underlying action. Loder had pulled into the right-hand parking lane of the road, and his granddaughter had to cross in front of his vehicle and then cross two lanes of traffic in order to reach her home. She was struck as she crossed the street. At the time of the accident, Loder maintained an automobile insurance policy with Progressive and a homeowner's policy with Zurich.

Supreme Court erred in granting in its entirety the motion of Zurich and the cross motion of Greco and Airborne and declaring that Progressive and not Zurich had a duty to defend and indemnify Loder in the underlying action, which has not yet been tried. The court determined that the accident arose solely from Loder's use and operation of a motor vehicle and did not arise from Loder's alleged negligent supervision. The

court thus concluded that only Progressive, which issued the automobile insurance policy, was obligated to defend and indemnify Loder. We disagree. "[T]he duty to defend is triggered when 'the complaint alleges any facts or grounds which bring the action within the protection purchased' " (*State Farm Mut. Auto. Ins. Co. v Van Dyke,* 247 AD2d 848, quoting *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310), and we conclude here that the allegations in the underlying complaint give rise to coverage under both policies. We therefore modify the judgment by denying in part the motion of Zurich and the cross motion of Greco and Airborne and declaring that both Progressive and Zurich have a duty to defend Loder in the underlying action. The issue of indemnification "should await the outcome of the underlying action" (*State Farm Mut. Auto. Ins. Co. v Van Dyke, supra,* at 849). In view of our determination, we do not address the remaining contentions of the parties. (Appeals from Judgment of Supreme Court, Erie County, Mahoney, J.—Declaratory Judgment.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.