██ ROBERT DURANT et al., Appellants, v NORTH COUNTRY ADIRONDACK COOPERATIVE INSURANCE COMPANY, Respondent, et al., Defendant. [807 NYS2d 427]—

Spain, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered December 27, 2004 in Franklin County, upon a decision of the court in favor of defendant North Country Adirondack Cooperative Insurance Company.

In August 1989, defendant Wayne Ashley caught his foot in a corn chopper at plaintiffs' farm, requiring the amputation of his leg below the knee. Ashley commenced a negligence action against plaintiffs in 1992, alleging that his injuries occurred while he was "assisting" plaintiff Robert Durant (hereinafter plaintiff) in the repair of the chopper. Plaintiffs' insurer, defendant North Country Adirondack Cooperative Insurance Company (hereinafter defendant), disclaimed coverage for the Ashley negligence action based on an exclusion in plaintiffs' farm owners' policy for claims arising from bodily injury to a farm employee. Plaintiffs then commenced this action seeking an order requiring defendant to defend plaintiffs in the negligence action. Ashley and plaintiffs eventually entered a stipulation discontinuing the negligence action, with prejudice, but plaintiffs continue, within the context of this action, to seek reimbursement from defendant of those costs incurred in defense of the negligence litigation prior to the stipulation of discontinuance.

Defendant sought dismissal of the action, relying on certain evidence extrinsic to the complaint. Specifically, in a prior declaratory judgment action which had been discontinued, without prejudice, by stipulation of the parties, Ashley represented that he was an employee of plaintiffs.* Defendant also relied on a statement of plaintiff taken by one of defendant's

---

\* In 1990, Ashley had commenced a declaratory judgment action against plaintiffs and defendant seeking, among other things, to establish that defen-

employees shortly after the accident in which plaintiff stated that Ashley was working for him on a part-time basis, but that they had not yet discussed what his wages would be. A nonjury trial was held where plaintiff testified that although Ashley was a former employee and was helping him on the day he was injured—and on the previous day—he was merely lending a hand as a friend and not as a compensated employee. Plaintiff was cross-examined concerning his prior inconsistent statement made to defendant's representative following the accident. On this evidence, Supreme Court found that plaintiffs failed to establish that defendant had any obligation to defend plaintiffs against Ashley, and dismissed the complaint. Plaintiffs now appeal.

It is well established that an insurer's duty to defend is much broader than the duty to indemnify and will arise "whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]) or where "the insurer has actual knowledge of facts establishing . . . a reasonable possibility of coverage" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]; *see International Paper Co. v Continental Cas. Co.*, 35 NY2d 322, 326-327 [1974]; *Robbins v Michigan Millers Mut. Ins. Co.*, 236 AD2d 769, 770 [1997]). Further, "[e]ven where there exist extrinsic facts suggesting that the claim may ultimately prove meritless or outside the policy's coverage, the insurer cannot avoid its commitment to provide a defense" (*Fitzpatrick v American Honda Motor Co., supra* at 66). Indeed, although extrinsic evidence may be used to expand the insurer's duty to defend, the Court of Appeals has stated that "the courts of this State have refused to permit insurers to look beyond the complaint's allegations to avoid their obligation to defend" (*id.*).

More recently, however, the Court of Appeals held that "a strained, implausible reading of the complaint 'that is linguistically conceivable but tortured and unreasonable' " should not give rise to a duty to defend and, thus, "a court may look to judicial admissions in the insured's responsive pleadings in the underlying tort action or other formal submissions in the cur-

dant had a duty to defend and indemnify any claims made by Ashley against plaintiffs. In his complaint in that action, Ashley verified that he was employed by plaintiffs. That action was discontinued by stipulation of the parties, without prejudice. Ashley also filed for workers' compensation benefits, but his claim was ultimately denied on the basis that plaintiffs were not obligated to carry workers' compensation coverage because their farm laborer payroll did not exceed the $1,200 annual threshold (*Matter of Ashley v Durant*, 252 AD2d 893 [1998]).

rent or underlying litigation to confirm or clarify the nature of the underlying claims" (*Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621, 635 [1997], quoting *State of New York v AMRO Realty Corp.*, 936 F2d 1420, 1428 [2d Cir 1991]; *see Town of Moreau v Orkin Exterminating Co.*, 165 AD2d 415, 418 [1991] [prior criminal conviction can be considered to establish intentional conduct which would exclude coverage]; *Smith v New York Cent. Mut. Fire Ins. Co.*, 13 AD3d 686, 688 [2004] [negligence claim stated in a complaint did not give rise to coverage because of the patently intentional conduct of the purported tortfeasor]; *Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770 [1998] [same]).

Here, no dispute exists that the allegations of negligence in the complaint invoke a duty to defend, unless one of the policy exclusions applies—in this case the exclusion in plaintiffs' policy for liability "resulting from bodily injury to a farm employee." The burden was on defendant to demonstrate that the complaint could only be interpreted to deny coverage under that policy exclusion (*see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 444 [2002]). Although it was permissible for defendant to rely on Ashley's pleading in the prior action where he stated that he was employed by plaintiffs (*see Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., supra* at 635), plaintiff's unsworn admissions to defendant's employee cannot be relied upon to defeat defendant's duty to defend (*see Pahl v Grenier*, 277 AD2d 681, 683 [2000]; *State Farm Mut. Auto. Ins. Co. v Van Dyke*, 247 AD2d 848, 848-849 [1998]; *Merrimack Mut. Fire Ins. Co. v Carpenter*, 224 AD2d 894, 894 [1996], *lv dismissed* 88 NY2d 1016 [1996]). Ashley's assertion that he was employed by plaintiffs is insufficient to establish—in the context of this action between plaintiffs and defendant—that he was so employed (*cf. Erdman v Eagle Ins. Co.*, 239 AD2d 847, 849 [1997], *appeal dismissed and lv denied* 90 NY2d 926 [1997]). Thus, no need existed for a trial in this matter; defendant's duty to defend was established by the complaint and defendant failed to present conclusive evidence that the farm employee exclusion applied (*see Pahl v Grenier, supra* at 683; *Robbins v Michigan Millers Mut. Ins. Co., supra* at 770).

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiffs, by reversing so much thereof as dismissed the complaint and entered judgment in favor of defendant North Country Adirondack Cooperative Insurance Company for $728.80 with disbursements; it is declared that said defendant has a duty to defend

and indemnify plaintiffs in the underlying action and matter remitted to Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.