■ VILLAGE OF BREWSTER et al., Appellants, v VIRGINIA SURETY COMPANY, INC., Respondent, et al., Defendants. [896 NYS2d 203]—

Peters, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered June 18, 2009 in Albany County, which partially denied plaintiffs' motion for summary judgment.

In June 2004, plaintiff Village of Brewster contracted with Laws Construction Corporation to construct new potable water distribution and wastewater collection systems within the Village of Brewster, Putnam County. The contract provided that Laws would indemnify the Village for all claims for injury to property arising out of Laws' work and required Laws to maintain comprehensive general liability (hereinafter CGL) insurance naming the Village an additional insured. Laws obtained a CGL insurance policy from defendant Virginia Surety Company, Inc. (hereinafter defendant), which included an additional insured endorsement naming the Village as an additional insured, but "only with respect to liability arising out of [Laws'] work for [the Village]." During the relevant time period, the Village also had a CGL insurance policy from New York Municipal Insurance Reciprocal (hereinafter NYMIR).

On August 5, 2005, during the course of the work, a water main broke in the vicinity of Main Street in the Village, causing flooding to properties. Two of the affected residents thereafter sued the Village and Laws for property damage. The Village, in turn, tendered to defendant the claims against it and Laws, and demanded that defendant defend and indemnify it pursuant to the terms of the CGL insurance policy issued by defendant. Defendant disclaimed coverage on the basis that Laws' operations did not cause or contribute to the property damages claimed in the underlying complaints and, therefore, any alleged loss did not arise out of Laws' work.

The Village and NYMIR, through its attorney-in-fact (hereinafter collectively referred to as plaintiffs), thereafter commenced this declaratory judgment action seeking, among other things, a declaration that defendant was required to defend and indemnify the Village for any liability arising out of the underlying actions and that defendant must reimburse NYMIR for legal fees and costs incurred to date in defending the Village. Following joinder of issue and discovery, plaintiffs moved for summary judgment. In opposition to plaintiffs' motion, defendant averred that, pursuant to the Village's contract with Laws, the Village was responsible for the maintenance and operation of the existing plant, wastewater collection system and potable water distribution system during the construction of the new system by Laws, and that Laws had no responsibility to maintain the existing system. Defendant further asserted that the water main break

occurred on a part of the existing water system, that Laws only worked on the new system, which was void of water and 10 miles away from the site of the main break, that Laws had completed its work on the new system nine days earlier, and that Laws voluntarily provided the Village with a backhoe to make repairs at the site, but did not perform any work at that site. On this evidence, Supreme Court found that defendant raised a triable issue of fact sufficient to withstand summary judgment with respect to its duty to defend and indemnify the Village. In light of its finding, Supreme Court did not reach the issues of priority of coverage and reimbursement of defense costs. This appeal by plaintiffs ensued.

Supreme Court erred in denying that portion of plaintiffs' summary judgment motion seeking a declaration that defendant was obligated to defend the Village in the underlying actions. It is now beyond cavil that an insurer's "duty to defend is 'exceedingly broad' and an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006], quoting *Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 648 [1993]; *accord BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). In other words, if the complaint contains any facts or allegations that bring the claim even potentially within the embrace of the policy, the insurer must defend its insured, "no matter how groundless, false or baseless the suit may be" (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137 [citation omitted]; *see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443-444 [2002]; *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]). Further, " '[e]ven where there exist extrinsic facts suggesting that the claim may ultimately prove meritless or outside the policy's coverage, the insurer cannot avoid its commitment to provide a defense' " (*Durant v North Country Adirondack Coop. Ins. Co.*, 24 AD3d 1165, 1166 [2005], quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66 [1991]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137).

The complaints in the underlying suits allege that Laws' negligent performance of its construction and excavation work on behalf of the Village caused the water main to break, resulting in property damage. These allegations, if ultimately proven to be true, would bring the claims within the ambit of the protection afforded by defendant's coverage, thereby triggering defendant's duty to provide the Village with a defense (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 715; *Durant v*

*North Country Adirondack Coop. Ins. Co.*, 24 AD3d at 1166). The extrinsic facts alleged by defendant, although supportive of its position that the claims may ultimately fall outside of its policy coverage, will not relieve it of its commitment to provide a defense (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137; *Pahl v Grenier*, 277 AD2d 681, 683 [2000]). Indeed, defendant acknowledges that there is no evidence "about which system actually leaked, or why." Having failed to " 'establish[ ] as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify [the Village] under any policy provision' " (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d at 445, quoting *Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Spoor-Lasher Co. v Aetna Cas. & Sur. Co.*, 39 NY2d 875, 876 [1976]), defendant must defend the Village in the underlying actions, with the issue of indemnification to await the proof at trial in those actions (*see Merchants Ins. of N.H., Inc. v Weaver*, 31 AD3d 945, 946 [2006]).

To the extent that defendant argues that certain exclusions contained in the policy provide an alternate basis for denying coverage, it failed to invoke these grounds in its notice of disclaimer, instead raising them for the first time in opposition to plaintiffs' motion for summary judgment. Since " 'an insurer's disclaimer is strictly limited to those grounds stated in the notice of disclaimer, which disclaimer must clearly apprise the insured of the grounds on which the disclaimer is based' " (*City of Kingston v Harco Natl. Ins. Co.*, 46 AD3d 1320, 1321 [2007], *lv dismissed* 10 NY3d 822 [2008], quoting *Maroney v New York Cent. Mut. Fire Ins. Co.*, 10 AD3d 778, 780-781 [2004], *affd* 5 NY3d 467 [2005]; *see Clayburn v Nationwide Mut. Fire Ins. Co.*, 58 AD3d 990, 991 [2009]; *Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 870 [2001]), defendant cannot now rely on uninvoked exclusions as a basis for denying coverage.*

Turning to the issue of priority of coverage, we must review and consider the provisions of all of the relevant policies at issue to determine the priority among them (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 716; *Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140, 147-148 [2008]). Pursuant to the "other insurance" clauses in the policies issued by

---

* Even were we to find no waiver on the part of defendant, we would nevertheless find that its attempt to disclaim based on these exclusions was untimely as a matter of law. Defendant failed to advance any justification or explanation for the three-year delay in raising these exclusions (*see Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 870 [2001]; *Dependible Janitorial Servs. v Transcontinental Ins. Co.*, 212 AD2d 946, 947 [1995], *lv denied* 85 NY2d 811 [1995]).

defendant and NYMIR, each policy provides primary coverage except that the coverage is excess where any other primary insurance is available to the insured for which the insured has been added as an additional insured by attachment of an endorsement. Here, the Village is added as an additional insured on Laws' policy with defendant, thereby triggering the excess clause in the NYMIR policy, but not in defendant's policy. Thus, pursuant to the terms of the policies, NYMIR's coverage is excess to defendant's coverage and, therefore, coverage under defendant's policy must be exhausted before NYMIR is required to contribute under its policy (see *Harleysville Ins. Co. v Travelers Ins. Co.*, 38 AD3d 1364, 1367 [2007], *lv denied* 9 NY3d 811 [2007]; *Firemen's Ins. Co. of Washington, D.C. v Federal Ins. Co.*, 233 AD2d 193 [1996], *lv denied* 90 NY2d 803 [1997]). Accordingly, defendant must reimburse NYMIR for costs incurred to date in defending the underlying actions (see *Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa.*, 65 AD3d 12, 29 [2009]; *see also General Motors Acceptance Corp. v Nationwide Ins. Co.*, 4 NY3d 451, 456 [2005]).

Cardona, P.J., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for summary judgment declaring that defendant Virginia Surety Company, Inc. must defend plaintiff Village of Brewster in the underlying actions and reimburse New York Municipal Insurance Reciprocal for legal fees and costs incurred in defending the Village in those underlying actions; it is declared that said defendant has a duty to defend the Village in the underlying actions and that New York Municipal Insurance Reciprocal's coverage is excess to that of said defendant; and, as so modified, affirmed.