State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 12, 2017                    523086
_____

JOHN GUZY,

                    Plaintiff,

         v                                  MEMORANDUM AND ORDER

NEW YORK CENTRAL MUTUAL FIRE
    INSURANCE COMPANY,
                    Appellant.
_____

Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

                        _____


         Gozigian, Washburn & Clinton, Cooperstown (Edward W. Garo
Gozigian of counsel), for appellant.

                        _____


Aarons, J.

         Appeal from an order of the Supreme Court (Burns, J.),
entered July 24, 2015 in Ostego County, which granted plaintiff's
motion for summary judgment.

         In February 2015, Derek Prindle commenced a personal injury
action against plaintiff.  Plaintiff tendered the defense of
Prindle's action to defendant, which had issued homeowners and
umbrella insurance policies to plaintiff.  After defendant
disclaimed coverage, plaintiff commenced this action seeking a
judgment declaring that defendant had a duty to defend him in the
action brought by Prindle.  Following joinder of issue, plaintiff
moved for summary judgment.  Supreme Court granted plaintiff's
motion, prompting this appeal by defendant.  We affirm.

         An insurance company's duty to defend "is exceedingly broad
and an insurer will be called upon to provide a defense whenever

the allegations of the complaint suggest a reasonable possibility of coverage" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks, ellipsis and citation omitted]).  If the complaint's allegations bring the claim "even potentially within the embrace of the policy, the insurer must defend its insured no matter how groundless, false or baseless the suit may be" (Village of Brewster v Virginia Sur. Co., Inc., 70 AD3d 1239, 1241 [2010] [internal quotation marks and citation omitted]; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]).

Under the terms of the homeowners insurance policy, defendant must provide plaintiff with a defense in a legal action involving bodily injury caused by an occurrence, which was defined as an accident.  The umbrella policy also contained an exclusion that barred coverage for "expected or intended" conduct.  Defendant contends that plaintiff's act of shooting Prindle was intentional, thereby bringing it outside the ambit of the homeowners insurance policy or within the umbrella policy's exclusion.  We disagree.

Here, Prindle's complaint alleged that plaintiff "assault[ed] [Prindle] . . . by shooting [Prindle] in the abdomen" and that "as a result of the assault," Prindle sustained personal injuries.  While Prindle's complaint also alleged that plaintiff was arrested and criminally charged with assault, there was no further specification as to this criminal charge raised against plaintiff (compare United Servs. Auto. Assn. v Iannuzzi, 138 AD3d 638, 639 [2016], lv denied 28 NY3d 902 [2016]).  Inasmuch as an assault may derive from an individual's recklessness or criminal negligence (see Penal Law § 120.00 [2], [3]), a reasonable possibility exists that plaintiff's actions were not intentional, as defendant argues (see Trafalski v Allstate Ins. Co., 258 AD2d 888, 888 [1999]; cf. New York Cent. Mut. Ins. Co. v Wood, 36 AD3d 1048, 1049-1050 [2007]).  Furthermore, while the allegation in Prindle's complaint describing plaintiff's actions as "intentional and criminal" is relevant in determining whether defendant's duty to defend exists, such conclusory allegation drafted by a third party is not the focal point (see Fitzpatrick v American Honda Motor Co., Inc., 78 NY2d 61, 68 [1991]).

Because the shooting can be reasonably interpreted as having stemmed from plaintiff's unintentional conduct, we conclude that defendant's duty to defend was triggered under the insurance policy (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137-138; Deetjen v Nationwide Mut. Fire Ins. Co., 302 AD2d 350, 352 [2003]; Merrimack Mut. Fire Ins. Co. v Carpenter, 224 AD2d 894, 895 [1996], lv dismissed 88 NY2d 1016 [1996]; cf. Miller v Continental Ins. Co., 40 NY2d 675, 678 [1976]).  For similar reasons, we find that defendant failed to establish that the allegations in Prindle's complaint in toto were subject to no other interpretation than that plaintiff "expected or intended" the resulting harm (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 138; Clayburn v Nationwide Mut. Fire Ins. Co., 58 AD3d 990, 991 [2009]; Merchants Ins. of N.H., Inc. v Weaver, 31 AD3d 945, 946 [2006]; Michigan Millers Mut. Ins. Co. v Christopher, 66 AD2d 148, 152 [1979]).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court