Vermont Mut. Ins. Group v LePore (2022 NY Slip Op 06978)

Vermont Mut. Ins. Group v LePore

2022 NY Slip Op 06978

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

534864
[*1]Vermont Mutual Insurance Group, Appellant,
v
Sheri LePore et al., Defendants, and Jodi Cole et al., Respondents.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Ondrovic, Hurley & Platek, PLLC, White Plains (Karen A. Ondrovic of counsel), for appellant.
Kelly & Leonard, LLP, Ballston Spa (Thomas E. Kelly of counsel), for respondents.

Aarons, J.
Appeal from an order of the Supreme Court (Mark L. Powers, J.), entered January 18, 2022 in Schenectady County, which denied plaintiff's motion for summary judgment.
Defendant Jodi Cole, and her spouse derivatively, commenced an action against defendant Amanda LePore, among others, for alleged personal injuries sustained. The alleged injuries stemmed from an incident where school staff, including Cole, broke up a fight between LePore and another student. After LePore and the student were separated, the student said something to LePore and, in response, LePore tried to hit her. Cole had her back to LePore at this time and then "felt somebody come up and over [her]." According to a witness, LePore "took a swing and inadvertently hit [Cole]" with her forearm.
Plaintiff issued a homeowners' insurance policy under which LePore was an insured. The policy defined an "[o]ccurence" as "an accident . . . which results, during the policy period, in [b]odily injury." The policy further stated that coverage was excluded for "bodily injury . . . [w]hich is expected or intended" by an insured. As relevant here, plaintiff disclaimed coverage on the grounds that LePore's act in hitting Cole was not an "occurrence" within the meaning of the policy and that the policy's intentional act exclusion applied. Plaintiff thereafter commenced this declaratory judgment action seeking a declaration that it owed no duty to defend or indemnify LePore in Cole's personal injury action. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court denied the motion. Plaintiff appeals. We affirm.
An insurer's duty to defend "arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264 [2011] [internal quotation marks and citation omitted]; see Durant v North Country Adirondack Coop. Ins. Co., 24 AD3d 1165, 1166 [3d Dept 2005]). Plaintiff, as an insurer seeking to be relieved of its duty to defend on the basis of an intentional act exclusion, "bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]; see Jubin v St. Paul Fire & Mar. Ins. Co., 236 AD2d 712, 714 [3d Dept 1997]).
The complaint in Cole's personal injury action alleged that LePore was involved in a physical altercation with another student and that Cole was injured as she attempted to break up this altercation. The bill of particulars alleged that LePore "negligently and carelessly struck [Cole] in the back causing [Cole] to fall into a cement wall" while Cole [*2]was trying to stop an altercation involving LePore. It also alleged that LePore did not intend to injure Cole but accidently struck Cole while trying to hit the other student and that LePore "committed culpable conduct when she chose to ignore a command by [Cole] . . . to stop her involvement in an altercation." These allegations give rise to the possibility that Cole's injuries could have resulted from unintentional conduct by LePore. Although the record contains evidence suggesting that the incident at issue was an intentional tort, "the pleadings can be read as alleging that [Cole's] injuries were negligently inflicted by [LePore]" (Merrimack Mut. Fire Ins. Co. v Carpenter, 224 AD2d 894, 895 [3d Dept 1996], lv dismissed 88 NY2d 1016 [1996]; see Robbins v Michigan Millers Mut. Ins. Co., 236 AD2d 769, 771 [3d Dept 1997]). As such, plaintiff did not meet its heavy burden of showing that the allegations in the personal injury action fell wholly within the policy exclusion (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137-138 [2006]; Melito v Romano, 160 AD2d 1081, 1082 [3d Dept 1990]), thereby requiring it to defend LePore in that personal injury action (see New York Cent. Mut. Fire Ins. Co. v Heidelmark, 108 AD2d 1093, 1095 [3d Dept 1985]).
Plaintiff contends that no coverage exists under the insurance policy because LePore intended to cause physical harm to another person. An insured, however, may be indemnified for an intentional act that causes an unintended injury (see Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392, 399 [1981]; McGroarty v Great Am. Ins. Co., 36 NY2d 358, 363-364 [1975]; Jubin v St. Paul Fire & Mar. Ins. Co., 236 AD2d at 713). To determine whether a result was accidental, "it is customary to look at the causalty from the point of view of the insured, to see whether or not, from [the insured's] point of view, it was unexpected, unusual and unforeseen" (Miller v Continental Ins. Co., 40 NY2d 675, 677 [1976] [internal quotation marks and citations omitted]). In describing the incident at issue, LePore stated that she did not intend to hit Cole. The record also contains evidence that Cole was inadvertently hit. In view of this, a sufficient basis exists to conclude that Cole's injuries were not expected or intended within the embrace of the policy exclusion (see New York Cent. Mut. Fire Ins. Co. v Wood, 36 AD3d 1048, 1050 [3d Dept 2007]; Allstate Ins. Co. v Riggio, 125 AD2d 515, 515 [2d Dept 1986]; compare Carmean v Royal Indem. Co., 302 AD2d 670, 672 [3d Dept 2003]). To that end, LePore can be indemnified under the policy, not because she acted negligently, but because her intentional act caused unintended harm.
Plaintiff also relies on the doctrine of transferred intent in characterizing LePore's actions as intentional. Plaintiff may be correct that LePore committed an intentional tort based upon this doctrine.[FN1] Plaintiff, however, erroneously conflates tort principles with contract principles — the latter of [*3]which governs the interpretation of insurance policies (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [2017]). That said, as a general matter, "policies of insurance, drawn as they ordinarily are by the insurer, are to be liberally construed in favor of the insured" (Miller v Continental Ins. Co., 40 NY2d at 678; see Matter of Liberty Mut. Fire Ins. Co. [Malatino], 75 AD3d 967, 968 [3d Dept 2010]). Moreover, exclusions from coverage "are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]).
To adopt plaintiff's view of excluding coverage for instances when intent is imputed to an insured based upon transferred intent impermissibly broadens the meaning of "expected" or "intended" as employed in the policy. If plaintiff had intended to exclude coverage for such instances, "it [was plaintiff's] responsibility to make such intention clearly known" (Miller v Continental Ins. Co., 40 NY2d at 678 [internal quotation marks and citation omitted]; see General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co., 193 AD2d 135, 137 [3d Dept 1993]). Because plaintiff failed to show that the intentional act exclusion in the policy applied as a matter of law (see Clayburn v Nationwide Mut. Fire Ins. Co., 58 AD3d 990, 992 [3d Dept 2009]), Supreme Court correctly denied plaintiff's motion for summary judgment.
Egan Jr., J.P., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: We express no opinion as to whether LePore committed an intentional tort based upon transferred intent.