[645 NYS2d 948]

TRAVELERS INSURANCE COMPANIES, Appellant, v DAVID STAN-
TON, Respondent.

Third Department, August 1, 1996

**APPEARANCES OF COUNSEL**

*Costello, Cooney & Fearon,* Syracuse *(Amy B. Regan* of counsel), for appellant.

*Albanese & Mulvey,* Ithaca *(Robert C. Mulvey* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Plaintiff, which issued a liability insurance policy to defendant's employer, the Village of Trumansburg in Tompkins County, for the period from March 1, 1988 to March 1, 1989, commenced this action seeking a declaration that, *inter alia*, it owes no duty to indemnify defendant for damages assessed against him in a civil action for sexual battery because public policy precludes such coverage. The underlying lawsuit was brought by the victim against the Village and defendant, a police officer, and was premised upon allegations that, in January 1989, defendant pulled over the automobile that the victim was driving and directed her to a remote area where he "forced [her] to engage in sexual relations with him against her will". The victim's claims against the Village ultimately were dismissed (*see, Howe v Village of Trumansburg,* 199 AD2d 749, *lv denied* 83 NY2d 753). Plaintiff apparently assigned counsel to represent defendant in connection with the victim's claims against him; and she thereafter was awarded a verdict for money damages. Following the commencement of this action, the parties cross-moved for summary judgment, Supreme Court denied both motions and this appeal by plaintiff ensued.

Plaintiff contends that Supreme Court erred by failing to hold that the sexual battery committed by defendant upon the victim is not insurable as a matter of public policy. While defendant agrees that there can be no coverage for intentionally inflicted injuries, he asserts that indemnification may be provided to "one whose intentional act causes an unintended injury" (*Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392, 399) and that questions of fact exist in this regard. In particular, defendant claims that the jury, based upon the trial court's charge, could have determined that he honestly but incorrectly believed that the sexual contact would not injure the victim and, therefore, any such injuries caused thereby would be unintentional. We disagree.

It is now well settled that where harm to the victim is inherent in the nature of the act performed, whatever injuries result are, as a matter of law, intentionally caused (*see, e.g., Pistolesi v Nationwide Mut. Fire Ins. Co.* (223 AD2d 94). Here, a jury determined that defendant engaged in sexual intercourse with the victim without her consent, and it

is inconceivable that emotional harm is not of a type that " 'flows directly and immediately' " from such a wrongful act (*supra*, at 97, quoting *Ford Nursing Home Co. v Fireman's Ins. Co.*, 86 AD2d 736, 737, *affd* 57 NY2d 656; *see*, *Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161). Consequently, whatever injuries resulted from that act were intentionally caused within the meaning of plaintiff's policy and that would include the victim's resultant pregnancy (*see*, *Monter v CNA Ins. Cos.*, 202 AD2d 405, 406).

It is utterly immaterial that defendant may have incorrectly believed that his sexual overtures were unobjectionable. His sexual contact with the victim was found by a jury to have been nonconsensual, that contact was intentional and the emotional harm deriving therefrom is inherent in the act itself, and defendant's intent to cause injury is legally inseparable from his intent to commit the tortious act (*see*, *Pistolesi v Nationwide Mut. Fire Ins. Co.*, *supra*, at 97). Moreover, while we are not dealing with a homeowner's policy here, as was the case in *Allstate Ins. Co. v Mugavaro* (*supra*), the public policy reasons underlying the Court of Appeals decision in that case apply with equal force to the matter before us.

MIKOLL, J. P., MERCURE, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment; said motion granted and plaintiff is awarded summary judgment; and, as so modified, affirmed.