[724 NYS2d 107]

Town of Massena, Respondent, v Healthcare Underwriters Mutual Insurance Company et al., Appellants, et al., Defendants. (And a Third-Party Action.)

Third Department, April 26, 2001

### APPEARANCES OF COUNSEL

*O'Connor, Yoquinto & Ryan,* Troy (*Thomas J. O'Connor* of counsel), for Healthcare Underwriters Mutual Insurance Company, appellant.

*James W. Tuffin,* Manhasset, for Physician's Reciprocal Insurers, appellant.

*Strook, Strook & Lavan,* New York City (*Curtis C. Mechling* of counsel), for Federal Insurance Company and another, appellants.

*LeBoeuf, Lamb, Greene & MacRae,* Albany (*Vincent P. Esposito, Jr.,* of counsel), for Medical Liability Mutual Insurance Company, appellant.

*David L. Welch,* Massena, for respondent.

*Nixon Peabody L. L. P.,* Rochester (*William S. Brandt* of counsel), for Massena Memorial Hospital and others, defendants.

*O'Connor, O'Connor, Mayberger & First,* Albany (*S. David Devaprasad* of counsel), for Edward Burke, defendant.

*Donahue, Sabo, Varley & Armstrong,* Albany (*Gerald D. D'Amelia, Jr.,* of counsel), for Christine Rowe-Button, defendant.

## OPINION OF THE COURT

ROSE, J.

Plaintiff commenced this action to obtain a judgment declaring that various defendants are obligated to defend and indemnify Massena Memorial Hospital, its governing committees and its staff (hereinafter collectively referred to as the Franzon defendants) in an underlying Federal lawsuit (hereinafter the Franzon action) brought by Olof Franzon, a licenced physician, and his practice, Women's Medical & Surgical Healthcare, P. C. (hereinafter collectively referred to as the Franzon plaintiffs). In the Franzon action, the Franzon plaintiffs allege that in reaction to Franzon's suggestion that nurse-midwives be allowed to practice at the hospital, the Franzon defendants intentionally and maliciously made defamatory statements regarding Franzon, acted in bad faith by failing to provide insurance referrals to his patients, and placed baseless complaints in his hospital file to justify terminating his hospital privileges. Specifically, their amended complaint states six causes of action alleging violations of Franzon's 1st Amendment right to free speech, punitive damages and counsel fees, as well as defamation, tortious interference with business relations and tortious interference with contract. Defendants Healthcare Underwriters Mutual Insurance Company (hereinafter HUM), Physicians Reciprocal Insurers (hereinafter PRI), Federal Insurance Company (hereinafter FIC) and Medical Liability Mutual Insurance Company (hereinafter collectively referred to as defendants) are among the carriers who issued insurance policies to the Franzon defendants. After commencement of the Franzon action, plaintiff adopted several resolutions extending the benefits of Public Officers Law § 18 to the Franzon defendants, entitling them to indemnification and defense by plaintiff under certain circumstances (*see*, Public Officers Law § 18).

Defendants moved for summary judgment citing exclusions in their policies and arguing that they owe no duty of defense or indemnification because the Franzon plaintiffs allege intentional rather than negligent infliction of damage. Supreme Court denied defendants' motions, holding that their policies do not exclude coverage of all the underlying claims as a matter of law because whether the alleged intentional acts may have resulted in accidental damages is a question of fact. The court also held that the resolutions provide indemnification for the Franzon defendants only to the extent that their individual insurance coverages prove to be inadequate. Defendants appeal.

HUM argues that it properly disclaimed coverage because public policy prohibits an insurer from defending and indemnifying for an insured's intentional torts, and because its policy contained exclusions applicable to the claims alleged in the Franzon action. Its policy, in relevant part, provides coverage for damages incurred as a result of "service by any person as a member of a formal accreditation or similar professional board or committee of the named insured, or as a person charged with the duty of executing directives of any such board or committee" and "the publication or utterance of a libel or slander or of other defamatory or disparaging material." However, the policy excluded coverage for "personal injury arising out of a publication or utterance * * * concerning any organization or enterprise * * * made by or at the direction of any insured with knowledge of the falsity thereof." Relying on the Franzon plaintiffs' allegations of malice, HUM contends that all of their defamation claims are expressly excluded.

The duty to defend is a very broad one (see, *Pennsylvania Millers Mut. Ins. Co. v Rigo*, 256 AD2d 769, 770; *Sea Crest Constr. Corp. v Centennial Ins. Co.*, 175 AD2d 453, 454), arising whenever the allegations contained in the pleadings, together with such other underlying facts as have been "made known to the insurer[,] create a 'reasonable possibility that the insured may be held liable for some act or omission covered by the policy'" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 70, quoting *Meyers & Sons Corp. v Zurich Am. Ins. Group*, 74 NY2d 298, 302; *see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175). This duty, however, may be effectively disclaimed where, as a matter of law, no factual or legal basis exists under which the insurer's policy coverage would be triggered (see, *Jubin v St. Paul Fire & Mar. Ins. Co.*, 236 AD2d 712, 714). Also, public policy precludes indemnifying an insured for intentionally inflicted injuries (see, *Travelers Ins. Cos. v Stanton*, 223 AD2d 104, 105, *lv denied* 89 NY2d 804; *Green v Allstate Ins. Co.*, 172 AD2d 949, 950, *lv dismissed* 79 NY2d 787).

■ Dispelling any doubt as to the nature of the tortious acts alleged in the Franzon action here, a section of the Franzon plaintiffs' amended complaint, entitled "FACTS COMMON TO ALL CLAIMS FOR RELIEF," asserts that the various acts of the Franzon defendants were malicious, and done with the intent to injure Franzon's reputation and practice of his profession. "Malice, in law, is a state of mind intent on perpetrating a wrongful act to the injury of another without justification [cita-

tion omitted]" (*Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 385 n 4). Thus, the claim that the Franzon defendants intentionally, rather than merely negligently or accidentally, caused injury infuses all of the Franzon plaintiffs' causes of action. With no facts in the record establishing an unintentional injury, Supreme Court's distinction between conduct and damages finds no application here. "It is now well settled that where harm to the victim is inherent in the nature of the act performed, whatever injuries result are, as a matter of law, intentionally caused [citation omitted]" (*Travelers Ins. Cos. v Stanton, supra*, at 105; *see, Gibbs v CNA Ins. Cos.*, 263 AD2d 836, 838, *lv denied* 94 NY2d 755). The harm claimed by the Franzon plaintiffs is of a type inherent in the alleged tortious acts and must be deemed intentionally caused. In these circumstances, insurance coverage is precluded by public policy (*see, Travelers Ins. Cos. v Stanton, supra*, at 105; *Green v Allstate Ins. Co., supra*, at 950). In addition, as to whether their defamation claims also come within HUM's policy exclusion, we conclude that the allegations of malice necessarily imply that the defamatory statements were made with knowledge of their falsity (*see, Christenson v Gutman*, 249 AD2d 805, 807). Finding no possible factual or legal basis to bring the allegations of the complaint in the Franzon action within the scope of the risks undertaken by HUM (*see, Syvertsen v Great Am. Ins. Co.*, 267 AD2d 854, 858), we conclude that its motion for summary judgment should have been granted.

We are similarly persuaded that PRI's motion for summary judgment should have also been granted. In addition to the underlying allegations of intentional tortious acts for which public policy precludes defense and indemnification, PRI's policies expressly exclude claims arising from interference with contract, punitive damages, malicious civil acts or omissions, and defamation. Supreme Court declined to apply these exclusions to a subsequent policy amendment expanding coverage to include "services as a member of a formal accreditation board or any committee of a hospital where you are engaged in accreditation review and standards review," because it perceived that doing so would render such coverage illusory. However, this Court "may not disregard clear provisions which the insurer[ ] inserted in the polic[y] and the insured accepted * * * and equitable considerations will not allow an extension of coverage beyond its fair intent and meaning" (*Caporino v Travelers Ins. Co.*, 62 NY2d 234, 239 [citation omitted]). Here, the amendment states that the policy exclusions remain in ef-

fect, and giving them effect does not render the added coverage illusory because claims of negligence in performing accreditation and standards reviews are not precluded. Thus, the record demonstrates no duty of PRI to defend or indemnify the Franzon defendants.

FIC also contends that Supreme Court misconstrued its policy exclusions in denying summary judgment. The FIC policy contains, in relevant part, exclusions for claims "where all or part of such claim is, directly or indirectly, based on, attributable to, arising out of, resulting from or in any manner related to * * * libel, slander, defamation of character, humiliation." The underlying allegations of 1st Amendment violations, defamation and tortious interference with business relations all relate to alleged defamatory conduct, and are, thus, excluded under the FIC policy. We further find that Supreme Court should have dismissed plaintiff's claim for coverage of punitive damages because public policy precludes indemnification for such damages (*see, Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317). Although the Franzon plaintiffs' sixth cause of action for tortious interference is not expressly excluded under PRI's policy, we conclude that coverage of such intentional and malicious acts is precluded by the public policy cited above.

■ Next, we find no merit in defendants' contentions that by extending the protection of Public Officers Law § 18 to the Franzon defendants, plaintiff assumed the role of a primary insurer and effectively relegated defendants to the roles of excess insurance carriers. Each of defendants' policies characterizes its coverage as excess where the insured is covered by other insurance. Public Officers Law § 18 authorizes a municipality to extend the right to a defense and indemnification to its employees in any civil action arising out of the performance of their official duties. The statute also states that "[t]he provisions of this section shall not be construed to impair, alter, limit or modify the rights and obligations of any insurer under any policy of insurance" (Public Officers Law § 18 [10]). Case law interpreting Public Officers Law § 17 (7) is instructive on this issue as that section, which deals with the defense and indemnification of State employees, contains language identical to that of Public Officers Law § 18 (10). This Court interpreted such language to mean that the statutory coverage is solely in excess of all other insurance except where such other insurance contains exclusionary language specifically referencing the statutory coverage (*see, Frontier Ins. Co. v*

*State of New York*, 197 AD2d 177, 182-183, *mod* 216 AD2d 975, *affd* 87 NY2d 864). A similar interpretation is appropriate here. While defendants' policies refer to other insurance coverage in describing themselves as "excess" coverage, they fail to explicitly refer to the right to indemnification afforded by Public Officers Law § 18. Thus, that right would be triggered if and only if defendants' policies were insufficient to indemnify their insureds (*see, id.*, at 183).

For this same reason, we find no merit in defendants' claim that plaintiff must contribute pro rata to the Franzon defendants' defense. "[W]here two or more insurance policies purport to provide coverage of the same risk in excess of other available insurance, the 'excess' clauses cancel each other out, obligating each such insurer to share ratably in the settlement" (*Allstate Ins. Co. v Farmers Ins. Group*, 108 AD2d 284, 285, *mod* 67 NY2d 924). Since none of defendants' policies is in "excess" of the statutory benefits, plaintiff would have to contribute to the defense only if the insureds' existing insurance were inadequate (*see, Frontier Ins. Co. v State of New York, supra*, at 183).

The parties' other contentions have been considered and found to be unavailing.

MERCURE, J. P., CREW III, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions for summary judgment by defendants Healthcare Underwriters Mutual Insurance Company, Physicians Reciprocal Insurers and Federal Insurance Company; grant said motions for summary judgment and declare that said defendants owe no duty to defend or indemnify with regard to the underlying Federal action; and, as so modified, affirmed.