■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS- BURGH, PA., Respondent-Appellant, v CITY OF OSWEGO et al., Respondents, and ELI RAPAPORT et al., Appellants-Respondents. [744 NYS2d 266] —Appeals and cross appeal from parts of an or- der of Supreme Court, Oswego County (Hedges, J.), entered February 22, 2001, that, inter alia, denied the motion of plaintiff and the cross motions of defendants Eli Rapaport and Frederick Waters for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by grant- ing the cross motion of defendant Eli Rapaport in its entirety and the cross motion of defendant Frederick Waters in part, granting judgment in favor of defendants Eli Rapaport and Frederick Waters as follows: It is adjudged and declared that plaintiff is obligated to provide a defense for defendants Eli Ra- paport and Frederick Waters in an action pending against them in Supreme Court, Oswego County, and awarding defendants Eli Rapaport and Frederick Waters reasonable attorneys' fees and costs incurred in defending this declaratory judgment ac- tion and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Oswego County, for further proceedings in accordance with the following memoran- dum: Plaintiff commenced this declaratory judgment action seeking a declaration that it is not obligated to defend or indemnify, among others, Eli Rapaport and Frederick Waters (defendants), in an action pending against them in Supreme Court, Oswego County (*Natoli* action). Plaintiff moved for sum- mary judgment, and defendants cross-moved for summary judgment declaring that plaintiff must defend them in the *Na- toli* action and seeking attorney's fees and costs incurred in defending the declaratory judgment action. Waters also sought in his cross motion summary judgment dismissing the complaint. Supreme Court denied the motion and cross mo- tions, determining that there is an issue of fact whether plaintiff must provide a defense for defendants in the *Natoli* action. We conclude that the court should have granted the cross motion of Rapaport in its entirety and should have granted the cross motion of Waters except to the extent that it sought dismissal of the complaint.

The duty of an insurer to defend is broader than the duty to indemnify (*see Servidone Constr. Corp. v Security Ins. Co. of Hartford,* 64 NY2d 419, 423-424). An insurer is required to defend, irrespective of ultimate liability, "[i]f the claims as-

serted, though frivolous, are within policy coverage" (*id.* at 424). An insurer must defend the entire action, even if some causes of action fall squarely within policy exclusions, so long as there is one claim that "arguably arise[s] from covered events" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175).

We agree with plaintiff that the causes of action in the *Natoli* action alleging defamation and intentional infliction of emotional distress are specifically excluded from coverage under policy exclusions F and D. We conclude, however, that it is at least arguable that exclusion J, which excludes coverage for any claim arising out of the willful violation of any statute, ordinance or regulation committed by or with the knowledge or consent of any insured, does not exclude coverage for the causes of action in the *Natoli* action alleging breach of various state and federal statutes. The complaint, although alleging that defendants' conduct was willful and intentional, also alleges that defendants' conduct in violating the statutes was reckless. The allegations of reckless conduct fall within the policy coverage (*see State Farm Mut. Auto. Ins. Co. v Van Dyke,* 247 AD2d 848, 848-849). Thus, plaintiff did not carry its "heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion" (*Frontier Insulation Contrs.,* 91 NY2d at 175).

Similarly, plaintiff failed to meet its burden of establishing that exclusion P excludes coverage for the conduct of Waters. That exclusion provides that "[t]he Company shall not be liable to make any payment of Loss in connection with any claim * * * arising out of the activities of any law enforcement agency or personnel." Waters was the Chief of Police for defendant City of Oswego at the time the allegations in the *Natoli* action arose. At this juncture, however, it cannot be determined as a matter of law whether the actions that form the basis for the allegations in the *Natoli* action arose from Water's law enforcement activities.

We therefore modify the order by granting the cross motion of Rapaport in its entirety and the cross motion of Waters in part, granting judgment in favor of defendants declaring that plaintiff is obligated to provide a defense for defendants in the *Natoli* action and awarding defendants reasonable attorneys' fees and costs incurred in defending this declaratory judgment action, and we remit the matter to Supreme Court, Oswego County, to determine the amount of reasonable attorneys' fees and costs to which defendants are entitled (*see United States Fid. & Guar. Co. v New York, Susquehanna & W. Ry. Corp.,*

277 AD2d 1026). In light of our determination, we reach no other issues. Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.