■ RODNEY B. PETERS, Appellant, v STATE FARM FIRE AND CASUALTY COMPANY, Respondent. [762 NYS2d 738] —Appeal from an order of Supreme Court, Monroe County (Siracuse, J.), entered July 10, 2002, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff sustained injuries when Curtis Johnson, Jr., struck him with a baseball bat. At the time of the incident, Johnson was insured under a homeowner's policy issued to his parents by defendant. Johnson pleaded guilty to assault in the third degree for causing physical injury to plaintiff by means of a dangerous instrument with criminal negligence (*see* Penal Law § 120.00 [3]). On or about January 9, 1992, plaintiff commenced an action against, inter alia, Johnson to recover damages for his personal injuries, alleging that Johnson's actions were "willful, intentionally harmful * * * [and] committed with actual malice," and that Johnson "while intoxicated, recklessly, carelessly, and negligently, failed to control his actions and * * * negligently allowed a baseball bat to come into contact with the Plaintiff." Defendant denied coverage based upon exclusions for injury "expected or intended by an insured" or "the result of wilful and malicious acts of an insured." Johnson defaulted in the personal injury action and

Supreme Court (Polito, J.) granted plaintiff's motion for partial summary judgment on the issue of liability. Plaintiff thereafter commenced the instant action seeking judgment declaring that defendant is obligated to indemnify Johnson in the underlying personal injury action.

Supreme Court (Siracuse, J.) properly granted defendant's cross motion for summary judgment dismissing the complaint. In *Allstate Ins. Co. v Mugavero* (79 NY2d 153, 159 [1992]), the Court of Appeals set forth the standard to be applied in determining whether the exclusion for "bodily injury 'intentionally caused by an insured'" under a standard liability insurance policy applies. "The critical question is whether the harm that resulted * * * could have been other than harm 'intentionally caused'" (*id.*). Subsequently, in *Slayko v Security Mut. Ins. Co.* (98 NY2d 289, 293 [2002]), the Court qualified that standard, explaining that "conduct, though reckless, [that] was not inherently harmful" did not fall within the exclusion. The Court further noted that "[t]he general rule remains that 'more than a causal connection between the intentional act and the resultant harm is required to prove that the harm was intended'" (*id.*, quoting *Allstate Ins. Co.*, 79 NY2d at 160). Applying that standard to the facts in *Slayko*, the Court held that there was insufficient proof of intentional harm because there was no evidence that the insured knew that the shotgun was loaded when he pointed it at the plaintiff, pulled the trigger and shot him (*see id.*). That reasoning does not apply to the facts of this case. Johnson testified at an examination before trial that, in order to help extricate his brother from an altercation with plaintiff, he repeatedly swung a baseball bat knowing that the bat was striking a person. The injuries sustained by plaintiff as a result of that conduct can only be described as "intentionally caused" as a matter of law (*Allstate Ins. Co.*, 79 NY2d at 156-157). In addition, the public policy argument advanced in *Allstate Ins. Co.* is also applicable here (*see id.* at 161). Consequently, we affirm.

All concur except Green and Burns, JJ., who dissent in part and vote to modify in accordance with the following memorandum.

Green and Burns, JJ. (dissenting in part). We respectfully dissent in part. In our view defendant failed to establish as a matter of law that plaintiff's injuries were not the result of a covered occurrence (*see Aetna Cas. & Sur. Co. v Gigante*, 229 AD2d 975, 976 [1996]), or that they fell within the policy exclusions for injuries that were expected or intended by Curtis Johnson, Jr. or the result of his willful and malicious acts (*see*

*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 46-47 [1991]; *Matijiw v New York Cent. Mut. Fire Ins. Co.*, 292 AD2d 865-866). Contrary to the majority, we do not believe that the testimony of Johnson supports the conclusion that, as a matter of law, Johnson knew that he was striking a person when he was swinging the bat or that he "intended the damages" to plaintiff (*see General Acc. Ins. Co. v Zazynski*, 229 AD2d 920 [1996]). Defendant also failed to establish that it timely disclaimed coverage based upon the policy exclusions (*see* Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979], *rearg denied* 47 NY2d 951 [1979]; *Allegany Co-op. Ins. Co. v Kohorst*, 254 AD2d 744, 745 [1998]). We would therefore modify the order by denying defendant's cross motion for summary judgment dismissing the complaint and reinstating the complaint. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Lawton, JJ.