OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, with costs to defendant, by granting judgment declaring that defendant has no duty to indemnify in connection with the underlying personal injury action and, as so modified, affirmed (see
 
 Lanza v Wagner,
 
 11 NY2d 317 [1962],
 
 cert denied
 
 371 US 901 [1962]). State Farm demonstrated as a matter of law that the policy exclusion for “bodily injury,” which is either “expected or intended by an insured” or “which is the result of willful and malicious acts of an insured,” precludes coverage of the incident at issue
 
 (see Allstate Ins. Co. v Mugavero,
 
 79 NY2d
 
 *636
 
 153 [1992]). Moreover, State Farm, which learned of the claim in January 1992 and issued reservation of rights letters in February, concluded its investigation and timely disclaimed coverage based on the policy exclusion on April 9, 1992.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Rosenblatt, Graffeo and Read concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, with costs to defendant, by declaring that defendant has no duty to indemnify in connection with the underlying personal injury action and, as so modified, affirmed, in a memorandum.