Martin v Safeco Ins. Co. of Am. (2004 NY Slip Op 50039(U))

[*1]

Martin v Safeco Ins. Co. of Am.

2004 NY Slip Op 50039(U)

Decided on February 4, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 4, 2004

Supreme Court, New York County
 
 PETER MARTIN, as Assignee of MARTIN SCHNEIDER, as Assignor, Plaintiff,
against
SAFECO INSURANCE COMPANY OF AMERICA, Defendant.
Index No. 109589/02

For plaintiff
Daniel J. Hansen, Esq.
711 Third Avenue, Suite 1505, New York, NY 10017 212-697-3701
For defendant
White Quinlan & Staley
377 Oak Street, Garden City, NY 11530 516-222-2434

Edward H. Lehner, J.
Before me are motions for summary judgment: i) by plaintiff for a declaration that defendant is obligated to satisfy a judgment entered against its insured, and ii) by defendant dismissing the complaint and declaring that it has no duty to indemnify plaintiff.
Plaintiff's assignor, Martin Schneider (the "Insured"), was issued a homeowners policy by defendant with coverage of up to $300,000 and an umbrella policy with coverage of up to $1,000,000, as well as a homeowners policy on a second home issued by Royal Insurance Company ("Royal") with a $100,000 limitation.
According to the complaint in the underlying lawsuit, Martin v. Schneider, on July 18, 2000 there was an incident between the parties at the subway station located at 72nd Street and Broadway. Plaintiff asserts that the Insured orally notified defendant of the incident on September 26, 2000, and in writing by fax on September 28, 2000 stating that "there had been an altercation in the early afternoon on July 18th in New York City, and that I had been arrested". Defendant acknowledged receiving this letter on September 28, 2000.
The complaint in the underlying action, filed on November 1, 2000, asserted causes of action for negligence and assault and sought compensatory and punitive damages. Defendant contends it received the complaint on November 14, 2000, and then investigated the incident by obtaining information from Schneider and an affidavit of a police officer who was at the scene at the time of the asserted altercation. On December 4, 2000, defendant disclaimed coverage citing the exclusion for intentional acts by the Insured and injuries caused by a violation of the Penal Law, and maintaining that the Insured's action of punching plaintiff did not constitute an "occurrence" under the policies since it was not an accident.
In the underlying action Schneider was provided defense counsel by Royal. At trial the [*2]jury found the Insured negligent and that his negligence was a substantial cause of plaintiff's injuries. The jury, however, disregarded the instruction on the verdict sheet to skip question 5, concerning a battery, if it found that Schneider was negligent, and it answered "Yes" to that question. The transcript of the pre-charge conference showed that the parties agreed that if the jury found liability based on the negligence causes of action it was not to consider question 5. When the jury's answers to the questions on the verdict were read in open court and the answer to question 5 was not read, the jury was informed by the court that they had been instructed not to answer that question if liability was found on the negligence causes of action. No objection thereto was raised.
Pursuant to the jury verdict a judgment was entered against the Insured on May 22, 2002 awarding plaintiff punitive damages in the amount of $30,000, compensatory damages for past pain and suffering in the amount of $66,000, and future damages which were structured pursuant to CPLR 5041. On May 8, 2002, Schneider assigned his rights against the defendant to plaintiff, who agreed to execute a partial satisfaction of judgment in consideration of receiving $100,000 from Royal. Plaintiff is not herein seeking recovery of the punitive damages (Tr. p. 3), but otherwise seeks recovery of the balance of the judgment from defendant.
Plaintiff contends: that defendant breached its obligation to provide the Insured with a defense in the underlying lawsuit since the complaint included allegations of negligence; that the disclaimer by the insurer was untimely; and that since the judgment was based on a jury finding of negligence, it cannot now be challenged by defendant.
The Disclaimer
Although defendant acknowledged receiving Schneider's September 28 fax on that day, it appears that it did not open a file or in any manner commence an investigation of the claim until November 14 when it received a copy of the complaint in the underlying action. This is true even though in the September 28 fax Schneider i) stated that he had been involved in an "altercation" with plaintiff and had been arrested; ii) had given defendant the name, address and telephone number of the attorney he had retained to represent him in the criminal matter; and iii) stated that he was available to provide any additional information. While defendant acted expeditiously after commencing its investigation on November 14, by that time 47 days had elapsed since receipt of the Insured's letter.
Pursuant to Insurance Law §3420(d), an insurer issuing a liability policy for bodily injury resulting from an accident is required to give "written notice as soon as is reasonably possible" of any "disclaimer of liability or denial of coverage". "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" [Allcity Insurance Company v. Jimenez, 78 NY2d 1054, 1056 (1991)]. "Moreover, an insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay", and an "insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay" [First Financial Insurance Company v. Jetco Contracting Corp., 1 NY3d 64, 69 (2003)]. In the latter case, the court held that the reason for the delay was "unexcused" and concluded that there is "no material difference between a delay that is 'unexplained' and a delay that is 'unexcused'", and that the "48-day delay in giving written notice, on the facts before us, was unreasonable as a matter of law" (p. 70). See also, West 16th Street Tenants Corp. v. Public Service Mutual Insurance Company, 290 AD2d [*3]278 (1st Dept. 2002) (30-day delay "unreasonable as a matter of law"); Squires v. Robert Marini Builders, Inc., 293 AD2d 808 (3rd Dept. 2002) (42 days); Colonial Penn Insurance v. Pevzner, 266 AD2d 391 (2d Dept. 1999) (41 days); Nationwide Mutual Insurance Company v. Steiner, 199 AD2d 507 (2d Dept. 1993) (41 days).
Here, defendant did nothing regarding the claim until service of the complaint forty-seven days after receiving written notice and has offered no explanation for this inaction. This failure to do anything for such period of time is unexcused. While the Insured's statement that he was involved in an altercation and arrested does not, in itself, show that the exclusion from coverage was applicable, and would not ordinarily be deemed the point in time to commence the measure of the delay in disclaiming, I find that the failure to do any investigation for this 47 day period, and then not disclaiming until 68 days after receiving written notice of the claim is not a disclaimer "as soon as is reasonably possible", and thus did not result in an effective disclaimer of coverage.
Clearly here a disclaimer was required as the subject altercation called into play (as stated by defendant in its disclaimer letter) an exclusion from coverage, rather than a claim that falls outside the scope of the policy's coverage. See, Worcester Insurance Company v. Bettenhauser, 95 NY2d 185 (2000).
Duty to Defend and Collateral Estoppel Even if it could be found that the disclaimer was sent as soon as reasonably possible, defendant would still be liable for payment of the unpaid portion of the judgment in light of the jury's finding that the Insured was negligent.
 "(T)he duty of an insurer to defend is broader than its duty to pay... (and) the duty to defend arises whenever the allegations in the complaint fall within the risk covered by the policy. It therefore includes the defense of those actions in which alternative grounds are asserted, even if some are without the protection purchased .... If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be" [Ruder & Finn, Inc. v. Seaboard Surety Co., 52 NY2d 663, 669-670 (1984)]. "An insurer must defend whenever the four corners of the complaint suggest ... a reasonable possibility of coverage ... (and) though policy coverage is often denominated as 'liability insurance', where the insurer has made promises to defend, it is clear that [the coverage] is, in fact, 'litigation insurance' as well" [Continental Casualty Co. v. Rapid American Corp., 80 NY2d 640, 648 (1993)]. However, while the "duty to defend is measured against the allegations of pleadings ... the duty to pay is determined by the actual basis for the insured's liability to a third person" [Servidone Construction Corp. v. Security Insurance Company of Hartford, 64 NY2d 419, 424 (1985)].
When an insurer believes that coverage does not exist for the claim asserted, the preferable procedure is to seek declaratory relief and "where it can be determined from the factual allegations that 'no basis for recovery within the coverage of the policy is stated in the complaint, [a court] may sustain [the insurer's] refusal to defend'" [Allstate Insurance Co. v. Mugavero, 79 NY2d 153, 163 (1992)]. See also, Pennsylvania Millers Mutual Insurance Co. v. Rigo, 256 AD2d 769, 770-771 (3rd Dept. 1998); Allstate Insurance Co. v. Ruggiero, 239 AD2d 369 (2nd Dept. 1997). Here no such declaratory judgment action was commenced by defendant.
In Ramos v. National Casualty Company, 227 AD2d 250 (1st Dept. 1996), it was held that an "insurer with a duty to defend which refuses to do so is bound by the court's determination of the [*4]underlying action and cannot thereafter collaterally attack the judgment or raise defenses with respect to the merits". In Maychak v. Security Mutual Insurance Company, 181 AD2d 957 (3rd Dept. 1992), lv. to ap. den. 80 NY2d 758 (1992), it was ruled that "having disclaimed its duty to defend (its insured) in the underlying action, defendant assumed the risk as to what might be proven against (its insured); more to the point, defendant may not now go behind the underlying default judgment, which found that plaintiff had been injured and (the insured) was liable, to raise defenses extending to the merits of plaintiff's claim". Accord; United States Fidelity and Guaranty Company v. Copfer, 63 AD2d 847 (4th Dept. 1978).
While the court in Robbins v. Michigan Millers Mutual Insurance Company, 236 AD2d 769 (4th Dept. 1997), cited the foregoing principle with approval, it went on to state, based on the above-quoted holding in Servidone Construction Corp. v. Security Insurance Company of Hartford, supra, that:

While the duty to defend is generally measured against the allegations of the pleadings in the underlying action, the duty to indemnify is distinctly different, for it is determined by the actual basis of the insured's liability to plaintiff .... As defendant's breach of its duty to defend cannot create coverage, defendant is not precluded from demonstrating that the actual basis of the insured's liability to plaintiff is such that the loss falls entirely within the policy exclusion ....
In that case the plaintiff was injured in an altercation with defendant's insured and defendant disclaimed coverage based on an exclusion for intentional injury. The insured defaulted in the underlying action and, after inquest, a judgment was entered in favor of plaintiff, who then sought to recover on the judgment against the insurer, arguing that the claim in the underlying action sounded in negligence. The court, although applying the above principle set forth in Maychak v. Security Mutual Insurance Company, supra, that "defendant may not now go behind the underlying default judgment to raise defenses extending to the merits of plaintiff's claim against the insured", concluded that defendant's "assertion that plaintiff's injuries were intentionally caused by the insured is clearly not a defense to plaintiff's claim in the underlying action ... nor was the issue of whether plaintiff's injuries were intentionally caused or resulted from negligence actually litigated in the underlying action and, therefore the default judgment has no collateral estoppel effect on that issue". Thus, absent a finding of collateral estoppel, the court permitted the insurer to contest liability for the judgment entered in the underlying action. See also, Matijiw, 292 AD2d 865 (4th Dept. 2002); Rourke v. The Travelers Insurance Company, 254 AD2d 730 (4th Dept. 1998), where the court held that because the underlying judgment against the insured was on default and the issue of negligence was not actually litigated, there was no collateral estoppel effect; Peters v. State Farm Fire and Casualty Company, 306 AD2d 817 (4th Dept. 2003), mod. 100 NY2d 634 (2003), where the insured defaulted in the underlying action.

The difference between the above cases and that at bar is that here the underlying action was actually litigated and resulted in a factual determination by a jury that the Insured was negligent, which determination, besides resolving the issue between the plaintiff and the Insured, had a collateral estoppel effect on the question of coverage and thus cannot be revisited in this action. The vote of the jury as listed on the verdict sheet on the issue of battery was not properly a question before it in light of the instructions on the verdict sheet pursuant to the prior stipulation of counsel, [*5]and thus was not part of the verdict as taken by the court.
Accordingly, plaintiff's motion for summary judgment is granted and it is declared that defendant has an obligation to satisfy the judgment entered against the Insured in favor of plaintiff in the underlying action. The cross-motion of defendant is denied.
Settle order providing for the entry of judgment by the Clerk in favor of plaintiff against the defendant for the amount of the judgment against Schneider (other than the award of punitive damages) that is now unpaid and due thereunder, with a direction that defendant pay to plaintiff when payable all future sums owing thereunder.
Dated: February 4, 2004
______________
J.S.C.
Decision Date: February 04, 2004