■ NATIONAL GRANGE MUTUAL INSURANCE Co., as Subrogee of CLAUDE RIEGLER and Another, Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. [773 NYS2d 692]—

Appeal from an order of the Supreme Court, Lewis County (Joseph D. McGuire, J.), entered February 4, 2003. The order granted plaintiff's motion for summary judgment on the amended complaint and denied defendant's cross motion for summary judgment dismissing the amended complaint in an action to recover damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as subrogor of its insureds, commenced this action pursuant to Insurance Law § 3420 (a) (2) seeking to recover damages awarded to plaintiff's insureds by a default judgment entered against defendant's insureds. A building owned by plaintiff's insureds was destroyed by fire when it was ignited by a burning vehicle operated by the son of defendant's insureds, who ignited the vehicle in order to commit suicide. Plaintiff's insureds, Claude and Shirley Riegler, operated a store on the first floor of the building and resided in an apartment on the second floor. Defendant disclaimed coverage on the ground that the loss resulted from the intentional acts of its insureds' son. Although it is undisputed that the act of igniting the vehicle was intentional, the parties dispute whether the destruction of the building was an intended result of that act. Plaintiff moved and defendant cross-moved for summary judgment, and Supreme Court granted plaintiff's motion.

In support of its motion, plaintiff submitted the affidavit of Claude Riegler, who observed the burning vehicle parked near the building but not touching it. He was unaware that the vehicle was occupied. At that time, the front of the building was fully engulfed in flames and Claude Riegler, who had extensive experience and training as a volunteer firefighter, determined that the building would be totally destroyed within a matter of minutes. He returned to the upstairs apartment to assist his wife in exiting the building. Claude Riegler stated in his affidavit that he knew the driver of the vehicle, whom he described as "pleasant" and "friendly." Shirley Riegler also described the driver as "friendly," and neither she nor her husband had ever had a dispute with him. Defendant, on the other hand, submitted the affidavit of an eyewitness, both in opposition to plaintiff's motion and in support of its cross motion, who stated that, while both the vehicle and the building were engulfed in flames, the driver drove the vehicle forward toward the road, and then suddenly drove the vehicle in reverse, striking the building.

It is well established that "accidental results" may flow from "intentional causes" (*McGroarty v Great Am. Ins. Co.*, 36 NY2d 358, 364 [1975], *rearg denied* 36 NY2d 874 [1975]; *see Slayko v Security Mut. Ins. Co.*, 98 NY2d 289, 293 [2002]). Thus, in order to determine whether the result herein, i.e., the destruction of the building, was intended, the " 'transaction as a whole' test should be applied by the fact finder when determining whether the term accident is applicable to a given situation" (*McGroarty,* 36 NY2d at 364). "[R]egardless of the initial intent or lack thereof as it relates to causation, or the period of time involved,

if the resulting damage could be viewed as unintended by the fact finder the total situation could be found to constitute an accident" (*id.* at 364-365). Here, although the evidence presented by both plaintiff and defendant establishes that the building was engulfed in flames before the driver drove into it, defendant also presented evidence that the driver intended to strike the building with a burning vehicle and thus intended to cause that fire as well. We are mindful that the exclusion for intentional acts must be "accorded a strict and narrow construction" (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311 [1984]) and that defendant "bears the burden of proving that the loss alleged falls within the exclusion and that there is no reasonable interpretation of the exclusion that supports the claim of [plaintiff]" (*Salimbene v Merchants Mut. Ins. Co.,* 217 AD2d 991, 992 [1995]). We further note that "more than a causal connection between the intentional act and the resultant harm is required to prove that the harm was intended" (*Allstate Ins. Co. v Mugavero,* 79 NY2d 153, 160 [1992]; *see Slayko,* 98 NY2d at 293; *cf. Peters v State Farm Fire & Cas. Co.,* 306 AD2d 817, 818 [2003], *mod on other grounds* 100 NY2d 634 [2003]). Because there is an issue of fact whether the driver intended to damage the building when he ignited the vehicle, neither party is entitled to summary judgment. Thus, we modify the order by denying plaintiff's motion. Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.